[Criminal No. 157.    Filed March 18, 1902.]

[68 Pac. 540.]

## LAFE GIBSON, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—MURDER—CORPUS DELICTI—EVIDENCE—CIRCUMSTAN-TIAL—SUFFICIENCY.—Defendant knocked decedent down with a ball-club and then struck him over the head. Decedent then succeeded in getting into his wagon and drove about two miles, parties along the way seeing blood on his face and head. The affray occurred about four P. M. of October 23d, and the following morning decedent was found near the roadside in a dying condition, and thereafter and within twenty-four hours of the assault died. There was a dent along the side of his head and another in the back of it. There was a conflict of evidence as to whether defendant struck decedent two or three times. *Held,* that the evidence was sufficient to establish the death of decedent and the criminal agency of the defendant as the cause thereof.

2. SAME—TRIAL—ARGUMENT—IMPROPER REMARKS OF COUNSEL—HARM-LESS ERROR.—A remark of counsel for the prosecution in his opening argument—i. e. ''Look at the defendant's face and see that he is a murderer''—is not prejudicial to the defendant where the court upon objection thereto admonishes the offending counsel that his argument must be confined to the evidence in the case, that such a reference to the defendant is improper and must not be indulged in, and also instructs the jury not to consider the reference.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. F. M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Edwards & McFarland, for Appellant.

C. F. Ainsworth, Attorney-General, for Respondent.

DAVIS, J.—The appellant, Lafe Gibson, was tried at the April term, 1901, of the district court of Graham County, upon an indictment charging him with the murder of one Bacilio Martinez. He was convicted of manslaughter, and sentenced to a term of seven years in the territorial prison. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

It is first urged upon us that the verdict is not supported by the evidence, in this: that the *corpus delicti* has not been proved. We are convinced that the appellant's contention in this regard is without merit. It appears from the evidence that on the twenty-third day of October, 1900, at the village of Eden, the appellant and several younger boys were engaged in playing baseball, when the deceased drove up near them with a two-horse wagon, and called for some one to come to where he had stopped his team in the public road. The appellant and two or three others went to the roadside to inquire of Martinez what he desired, whereupon the latter handed to appellant a piece of paper, with a few words in-- distinctly written upon it. Martinez was a Mexican, but could speak broken English. When the appellant attempted to unfold and look at the paper, Martinez told him not to do so, and for some cause sought to regain possession of it. The appellant handed him back the paper, and told him to go on. Angry and abusive words passed between the two, when the appellant struck the horses with a willow switch, and started them moving. Martinez quickly stopped the team, jumped down from his wagon, and attempted to pick up a rock lying beside it. The appellant hit him with a ball club as he made for the rock. He struck Martinez on the body, and knocked him to his knees. As the deceased was endeavoring to get to his feet, appellant struck him another blow on the head. There

is some conflict on the point as to whether Martinez received two blows or three. The testimony of four eye-witnesses, however, is conclusive of the fact that once, at least, he was violently struck upon the head with the ball club. Despite his injuries, Martinez succeeded in getting into his wagon and driving away. He traveled in all a distance of two miles after the difficulty. Parties along the way observed some blood upon his head and face. The affray occurred about four o'clock on the evening of October 23d. At about ten o'clock on the following morning Martinez was found near the roadside, in a dying condition. His head and clothing were bloody. There was a dent along the side of his head and another in the back of it. His death occurred between three and four o'clock on the afternoon of October 24th, within twenty-four hours after he had received the injuries at the hands of the appellant. There was no physician, and no autopsy was held. These were the material facts in the case, and we think they sufficiently establish (1) the death of Bacilio Martinez and (2) the criminal agency of the appellant as the cause thereof. The first element of the *corpus delicti* was proved by direct evidence beyond any controversy. That death was produced by the criminal act of the appellant there was strong presumptive evidence. There was the proof of facts and circumstances from which the criminal agency could be justly inferred. The law permits it to be so established, for, as observed by an eminent jurist, "until it pleases Providence to give us means beyond those our present facilities afford of knowing things which occur in secret, we must act on presumptive proof, or leave the worst crimes go unpunished."

The remaining assignment of error is based upon the alleged prejudicial remark of counsel for the prosecution in his opening argument to the jury, when, referring to appellant's personal appearance, he said: "Look at the defendant's face and see that he is a murderer!" Counsel for the appellant objected to this language at the time, as calculated to prejudice the jury against their client, whereupon the court admonished the offending counsel that his argument must be confined to the evidence in the case, and that such reference to the defendant was improper, and must not be indulged in. The court also promptly instructed the jury not to con-

sider the reference which had been made by counsel to the defendant. Manifestly, counsel exceeded the limits of proper argument in thus reproaching the accused; but we think, after all, the offense was chiefly against the dignity of the court, and of that decorum which should always be observed by counsel in a court of justice. It is doubtful whether such misconduct would, under any circumstances, be of aid to the prosecution, and it would generally have the effect to create sympathy for the defendant. In the present case, however, if the objectionable remark could, in itself, have been capable of any possible influence against a fair and impartial trial, its effect must have been entirely neutralized by the action of the court in reproving counsel for the expression, and directing the jury not to consider it. We cannot any more assume that the jury disregarded this instruction than we could assume that it considered evidence which had been ordered stricken out. The record convinces us that the motion for a new trial was properly overruled, and the judgment of the district court will be affirmed.

Street, C. J., and Sloan, J., concur.